IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ALAN BARTLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL,[1] | : | |
| Commissioner of Social Security | : | |
| Administration | : | NO. 19-1910 |

## MEMORANDUM OF DECISION

THOMAS J. RUETER
United States Magistrate Judge                                                            February 10, 2020

        Plaintiff, David Alan Bartles, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") and supplemental security income ("SSI") under Title XVI of the Act.

        Plaintiff filed a Brief and Statement of Issues in Support of Request for Review (Doc. 13) ("Pl's Br."), defendant filed a Response to Plaintiff's Request for Review (Doc. 14) ("Def.'s Br."), and plaintiff filed a reply thereto (Doc. 17) ("Pl.'s Reply"). Additionally, defendant filed a Motion to Stay (Doc. 18), to which no response was filed. For the reasons set forth below, the plaintiff's Request for Review will be **GRANTED** to the extent that the case will be remanded for further proceedings consistent with this opinion, and the Motion to Stay will be **DENIED AS MOOT**.

---

[1]     On June 4, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted as the defendant in this case.

## I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI in July 2014, alleging disability beginning April 22, 2011. (R. 215-25.) Plaintiff's claims were denied initially; he then filed a request for a hearing. (R. 102-17, 128-29.) A hearing was held on November 18, 2016, and a second hearing was held before a different ALJ on October 26, 2017. See R. 19-101. In a decision dated June 26, 2018, the second ALJ found that plaintiff was not disabled under the Act. (R. 18-38.) Plaintiff filed a request for review of the ALJ's decision that was denied and the ALJ's decision became the final decision of the Commissioner. (R. 9-15, 212.) Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II.    DISCUSSION

In his brief challenging the denial of DIB and SSI, plaintiff argued that substantial evidence does not support the ALJ's decision. In addition, relying on Lucia v. S.E.C., 138 S. Ct. 2044 (2018), plaintiff asserted that the case should be remanded to a different ALJ who has been constitutionally appointed. (Pl.'s Br. at 7; Pl.'s Reply at 1-8.) Defendant responded that substantial evidence supports the decision of the ALJ and that the court should reject plaintiff's Appointments Clause claim because it was not presented to the Social Security Administration ("SSA") during the administrative process. (Def.'s Br. at 1-24.)

In a recent decision, the Third Circuit Court of Appeals decided that exhaustion of Appointments Clause claims is not required in the SSA context. Cirko on behalf of Cirko v. Comm'r of Soc. Sec., __ F.3d__, 2020 WL 370832, at *2-6 (3d Cir. Jan. 23, 2020). As a result, the court directed that the cases before it on consolidated review were to be remanded for new hearings before constitutionally appointed ALJs other than those who presided over the claimants' initial hearings. Id. at *6.

## III. CONCLUSION

Consistent with the Third Circuit's decision, plaintiff's Request for Review will be granted to the extent that the matter is remanded pursuant to Cirko on behalf of Cirko v. Comm'r of Soc. Sec., __ F.3d__, 2020 WL 370832, at *2-6 (3d Cir. Jan. 23, 2020). In addition, defendant's Motion to Stay will be denied as moot.

An appropriate Order accompanies this opinion.

BY THE COURT:

\_\_\_/s/ Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge